ORIGINAL



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 30 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BURKHARD WIGGERICH, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | NO. 1:15-CV-4156 |
| v. ) | |
| ) | |
| BLUE-CHIP UNMANNED AERIAL ) | JURY DEMANDED |
| SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Burkhard Wiggerich ("Mr. Wiggerich") files this Complaint against Defendant Blue-Chip Unmanned Aerial Solutions, LLC ("Defendant"), and shows the Court as follows:

### NATURE OF THE ACTION

1.

This lawsuit arises from Defendant's infringement of United States Patent No. 8,328,128 (the "'128 Patent") under 35 U.S.C. § 271. The '128 Patent discloses an invention involving unmanned aerial vehicles and is solely owned by Mr. Wiggerich, who also is the named inventor.

1

## PARTIES, JURISDICTION AND VENUE

2.

Mr. Wiggerich is a German citizen who resides in Arnsberg, Germany, and may be contacted at Werler Str. 4-8, D 59755 Arnsberg, Germany. Mr. Wiggerich owns the '128 Patent.

3.

Upon information and belief, Defendant is a Kansas limited liability company with its principal place of business located at 1965 South Beech Street, Wichita, Kansas 67207.

4.

This Court has subject-matter jurisdiction in this action under 28 U.S.C. §§ 1331 and 1338(a) because this action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et. seq.*

5.

This Court has personal jurisdiction over Defendant because Defendant engages in the importation into the United States, offer to sell, sale after importation, and marketing of infringing devices. Defendant has transacted, and continues to transact, business in this District and Defendant has placed, and continues to place, infringing devices into the stream of commerce with the

knowledge and understanding that such infringing devices are sold and used in this District. Defendant purposefully and knowingly has directed its infringing conduct to at least one resident of this District. In addition, Defendant has infringed, and continues to infringe the '128 Patent, directly and indirectly through contributory and induced infringement, in this District.

6.

Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

I. **Mr. Wiggerich's Ownership and Use Of The '128 Patent.**

7.

The '128 Patent was issued to Mr. Wiggerich on December 11, 2012. A copy of the '128 Patent is attached as Exhibit 1.

8.

Mr. Wiggerich is a Managing Director of AirRobot GmbH & Co. KG ("AirRobot Germany"), a German company in which he holds an ownership interest.

9.

Mr. Wiggerich also is a Director of AirRobot US Inc. ("AirRobot US"), a Virginia corporation in which he holds an ownership interest.

3

10.

With Mr. Wiggerich's express permission and authorization, AirRobot Germany and AirRobot US together have manufactured, distributed, sold, offered for sale, marketed, advertised and imported into the United States certain unmanned aerial vehicles covered by the '128 Patent.

## II. Defendant Infringes The '128 Patent Through The Infringing Devices.

11.

Defendant sells, offers for sale, markets, advertises and imports into the United States, including in this District, certain unmanned aerial vehicles which infringe one or more claims of the '128 Patent, including without limitation the unmanned aerial vehicle referred to as the Delta X-8 (the "Infringing Devices").

12.

Defendant has never been granted any authorization, assignment or license from Mr. Wiggerich related to the '128 Patent, and Defendant's sale, offer for sale, marketing, advertisement and importation of the Infringing Devices has been conducted without Mr. Wiggerich's permission or authorization.

## COUNT I – INFRINGEMENT OF THE '128 PATENT
### (Direct Infringement – Literal or Under the Doctrine of Equivalents)

13.

Mr. Wiggerich incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 12 above.

14.

Defendant has infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '128 Patent by selling, offering for sale, marketing, advertising and importing into the United States the Infringing Devices in violation of 35 U.S.C. § 271.

15.

Defendant's infringement of the '128 Patent has been, and continues to be, willful, deliberate and intentional.

16.

Defendant has profited, and continues to profit, from its infringement of the '128 Patent.

17.

Mr. Wiggerich has suffered, and continues to suffer, monetary damages as a direct and proximate result of Defendant's infringement of the '128 Patent.

18.

Mr. Wiggerich has suffered, and continues to suffer, irreparable harm from Defendant's infringement of the '128 Patent for which he lacks an adequate remedy at law, and Mr. Wiggerich is entitled to preliminary and permanent injunctive relief enjoining Defendant's infringing conduct.

### COUNT II – INFRINGEMENT OF THE '128 PATENT
**(Contributory and/or Inducement of Infringement)**

19.

Mr. Wiggerich incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 18 above.

20.

Defendant has infringed and continues to infringe by knowingly and specifically intending to contribute to or induce infringement by others of one or more claims of the '128 Patent by selling, offering for sale, marketing, advertising and importing into the United States the Infringing Devices in violation of 35 U.S.C. § 271. The acts of inducement include, for example, advertisement and instructions to use the above-referenced Infringing Devices.

21.

Defendant's infringement of the '128 Patent has been, and continues to be, willful, deliberate and intentional.

22.

Defendant has profited, and continues to profit, from its infringement of the '128 Patent.

23.

Mr. Wiggerich has suffered, and continues to suffer, monetary damages as a direct and proximate result of Defendant's infringement of the '128 Patent.

24.

Mr. Wiggerich has suffered, and continues to suffer, irreparable harm from Defendant's infringement of the '128 Patent for which he lacks an adequate remedy at law, and Mr. Wiggerich is entitled to preliminary and permanent injunctive relief enjoining Defendant's infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Wiggerich prays for the following relief:

a. Judgment in Mr. Wiggerich's favor on all of his claims against Defendant;

b. A judgment that the '128 Patent remains valid and enforceable;

c. A judgment that Defendant has directly infringed, contributorily infringed and induced infringement of one or more claims of the '128 Patent;

d. An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, licensees, parents, subsidiaries, affiliates, successors, assigns and all others acting in concert with them from further infringement of the '128 Patent;

e. An award to Mr. Wiggerich of actual and compensatory damages in an amount sufficient to compensate Mr. Wiggerich for Defendant's infringement of the '128 Patent, but in no event less than a reasonable royalty for Defendant's infringement of the '128 Patent;

f. A judgment that Defendant's willful and intentional infringement of the '128 Patent renders this an exceptional case under 35 U.S.C. § 285;

g. An award to Mr. Wiggerich of treble damages for Defendant's willful and intentional infringement of the '128 Patent;

h. An award to Mr. Wiggerich of the reasonable attorneys' fees and costs incurred by him in this case; and

i. Such other relief to Mr. Wiggerich as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Mr. Wiggerich hereby demands a jury trial on all issues so triable raised in this action.

Respectfully submitted this the 30th day of November, 2015.

                                      FISHERBROYLES, LLP

                                      VINCENT BUSHNELL
                                      Georgia Bar No. 098999
                                      vincent.bushnell@fisherbroyles.com
                                      1200 Abernathy Road
                                      Building 600, Suite 1700
                                      Atlanta, GA 30328
                                      Tel: 678-902-7190

                                      *Attorneys for Plaintiff*
                                      *Burkhard Wiggerich*